UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASSOCIATED MUSICIANS OF GREATER
NEW YORK, LOCAL 802, AFM,

        Petitioner,

  - against -

FROM MY HOME TOWN and LEE SUMMERS,

        Respondents.

---

05 Civ. 6222 (JGK)

**MEMORANDUM
OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

This is a petition to confirm and enforce an arbitration award of $6,756.71 issued against Lee Summers. The award was rendered on March 30, 2005 by Arbitrator Jonas Aarons, who found that Lee Summers was personally and individually responsible for this amount under the May 27, 2004 Collective Bargaining Agreement between Local 802, Associated Musicians of Greater New York, and From My Home Town, NY, LP, Lee Summers, Producer.

### I.

The petitioner argues that the Court must confirm this award because it draws its essence from a collective bargaining agreement which provided for arbitration. See United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960). The petitioner further argues that none of the statutory grounds are present for vacating an arbitration award under 9 U.S.C. § 10, and that Summers is time-barred under CPLR § 7511(a) from seeking to vacate the award because more than ninety

1

days have passed after the award was entered without any motion to vacate the award. The Second Circuit Court of Appeals has held that CPLR 7511(a) provides the most appropriate New York State statute of limitations for enforcement of arbitration awards pursuant to a collective bargaining agreement. Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel, 145 F.3d 85, 88 (2d Cir. 1998). Under CPLR § 7511(a), "[a]n application to vacate or modify an award may be made by a party within ninety days after its delivery to him." The petitioner alleged that the Award was duly served on the respondent by the American Arbitration Association, and that Summers failed to move to vacate the award within the ninety day period required by law, an allegation that Summers does not deny.[1] (See Petition ¶ 7, 8, Answer ¶ 7, 8.)

Summers resists enforcement of the award on the grounds that he was not a party to the Collective Bargaining Agreement (the "Agreement"). Summers argues that while he signed the Agreement, it was as an agent for a limited liability entity, "From My Hometown, NY, LP." Summers relies on Local Union No. 38, Sheet Metal Workers' Int'l Association, AFL-CIO v. Custom Air Systems, Inc., 357 F.3d 266 (2d Cir. 2004), which held that only after a

---

[1] At argument, counsel for the respondent conceded that the arbitration award had been delivered to the respondent, and that the first time the respondent sought to vacate the award was in response to the petition to confirm the award, which was much more than ninety days after the arbitration award was delivered

2

threshold determination of whether a non-signatory is the alter ego of a signatory "would a non-signatory be bound by an arbitral award and time-barred after expiration of the ninety day period from challenging the confirmation of the award." Id. at 268.

This is not a case like Sheet Metal Workers, and the Court does not need to make an initial determination as to whether Lee Summers is the alter ego of "From My Home Town, NY, LP, Lee Summers, Producer." In Sheet Metal Workers, the Court of Appeals noted that it faced a "novel issue: whether under Parker Meridien, an arbitral award can be confirmed against a non-signatory absent a threshold finding that the non-signatory was indeed an alter ego of a party to the arbitration agreement." Id. at 267-68. In this case, the petitioner seeks to enforce the arbitration award against Lee Summers, who was a signatory to the arbitration agreement and who appeared and contested his liability under the Agreement. In Sheet Metal Workers, neither the signatory nor the alleged non-signatory alter ego attended the arbitration, and the petitioner conceded that there was an issue of material fact as to the non-signatory's alter ego status. Id. at 267.

In this case, there was ample support for the arbitrator's conclusion that Summers was bound by the Agreement. Summers actually signed the Agreement himself, and there is no indication

---

to him.

3

in the Agreement that Summers was signing as an agent of a limited partnership. Instead, Summers signed personally "for the Employer." As the arbitrator pointed out, "Lee Summers, Producer" was included in the introduction to the Agreement in the description of "Employer," and in Paragraph One, the Union recognized the "Producer/Employer" as the employer of all musicians who performed in the production. Moreover, Summers appeared at the arbitration in his individual capacity with counsel, gave testimony, and disputed the issue as to whether he was a party to the Agreement. The arbitrator found that Summers signed and agreed to the Agreement as an individual. Under these circumstances, the arbitration award against Summers should be enforced because it draws its essence from the Collective Bargaining Agreement, and the ninety-day time limit for moving to vacate the arbitration award had passed without any motion to vacate the award.

**II.**

The petitioner also seeks the attorney's fees it incurred in pursuing this petition. This is a case where "a challenger refuses to abide by an arbitrator's decision without justification," and thus attorney's fees and costs may properly be awarded. International Chemical Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985).

4

## CONCLUSION

The petition should be granted and the arbitration award confirmed in the amount of $6,756.71 against Lee Summers. In addition, the petitioner is entitled to an award of its attorneys' fees and costs in bringing this petition. The petitioner should file a motion for attorney's fees pursuant to Fed. R. Civ. P. 54(d)(2) detailing the amount sought.

**SO ORDERED.**

**Dated: New York, New York
January 5, 2006**

_____
John G. Koeltl
United States District Judge